IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JAMES E. CUMMINGS, SR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-07-CV-121 |
| § | |
| ADVANTAGE LABOR SOURCE, LLC, § | |
| DRESSER-RAND COMPANY, § | |
| DRESSER-RAND POWER LLC, and § | |
| SHELL OIL COMPANY, § | |
| § | |
| Defendants. § | |
| § | |
| § | |

**ORDER DENYING DEFENDANT SHELL OIL COMPANY'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM AND
MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiff James E. Cummings, Sr. ("Plaintiff") brings this action against Defendants Advantage Labor Source LLC, Dresser-Rand Company, Dresser-Rand Power LLC, and Shell Oil Company ("Shell"). Shell filed a Motion to Dismiss for Failure to State a Claim and a Motion for a More Definite Statement contemporaneously with its Original Answer. Plaintiff filed a Response in a timely manner. For the reasons stated below, Shell's Motions are both **DENIED**.[1]

**I. Legal Standard**

A party is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. Rule 12(b)(6) dismissal is

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

appropriate when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). When considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint, and views them in the light most favorable to the plaintiff. *See Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (noting that a court must construe the complaint liberally in favor of the plaintiff); *see also Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). "A motion to dismiss under Rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins*, 224 F.3d at 498 (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

Although all doubts are resolved in the plaintiff's favor, a plaintiff still must plead specific facts to avoid dismissal for failure to state a claim; a court may not accept as true conclusory allegations or unwarranted deductions of fact contained within the plaintiff's complaint. *See Tuchman*, 14 F.3d at 1067; *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). "'[A] statement of facts that merely creates a suspicion that the pleader might have a right of action' is insufficient." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 3 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 at 163 (2d ed. 1987)). Dismissal is appropriate if the complaint lacks factual allegations regarding required elements necessary to obtain relief. *Id.* (citing 2A *Moore's Federal Practice* ¶ 12.07 [2.–5] at 12–19 (footnote omitted)). Additionally, in considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings. *See Scanlan*, 343 F.3d at 536–37.

**II. Analysis**

*A. Failure to State a Claim*

Shell contends that Plaintiff's Original Complaint did not state a claim upon which relief can be granted. However, Plaintiff's Original Complaint sets forth allegations of negligence and premises liability. Specifically, Plaintiff alleges that he was working on a compressor that belonged to Shell when a black liquid that allegedly contained Hydrogen Sulfide and Benzene poured forth. Among other complaints of negligence, Plaintiff claims that Shell did not properly store, handle, or transport Hydrogen Sulfide and Benzene in a reasonably proper manner and that Shell failed to warn of, and in fact concealed, the extreme hazards associated with exposure to these chemicals. The Complaint notes the date on which the alleged incident occurred and describes specifically what Plaintiff claims happened: he was working on the compressor and a black liquid that smelled like rotten eggs spewed forth. Under the liberal pleading standards set forth in the Federal Rules of Civil Procedure discussed above, these allegations sufficiently state a claim.

*B. Request for a More Definite Statement*

Shell also requests that the Court require Plaintiff to amend his Complaint because Shell claims the Complaint does not provide fair notice of Plaintiff's claims and has not identified which Shell compressor is at issue. Shell also states that the Complaint fails to describe the specific acts or omissions for which Shell is allegedly liable.

Federal Rule of Civil Procedure 12(e) allows the Defendant to move for a more definite statement if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." First, since Shell filed its Original Answer on the same date and in the same document as its Motion for a More Definite

Statement, it appears that it was able to "frame a responsive pleading." Furthermore, as discussed above, Plaintiff's Original Complaint describes what happened, when it happened, and why he thinks Shell is liable. Shell should be able to easily ascertain which compressor is at issue because it is the compressor on which Plaintiff was working on January 16, 2007. *See* Plaintiff's Original Compl. ¶ 8, 10. If Plaintiff worked on more than one compressor that day, there is no reason that Shell cannot determine which compressor it was through normal discovery procedures. A Rule 12(e) Motion should not be used as a substitute for discovery. *See Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 640 (S.D. Tex. 2001).

### IV. Conclusion

Plaintiff's Original Complaint sufficiently presents a "short and plain statement of the claim" and is not vague or ambiguous. Accordingly, Shell's Motion to Dismiss for Failure to State a Claim and Motion for a More Definite Statement are **DENIED**. Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 5th day of June, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge